BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:15-MC-00062-WBS-KJN |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $9,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On November 13, 2014, the Drug Enforcement Administration ("DEA") seized Approximately $9,000.00 in U.S. Currency ("defendant currency") from Melvin Magee ("claimant" or "Magee") at the Sacramento International Airport in Sacramento, California.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about March 12, 2015, the DEA received a claim from Magee asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on November 13, 2014, the DEA received information regarding suspicious travel by Magee and Ledeal Johnson ("Johnson"), who were traveling on American Airlines from Dallas, Texas to Sacramento, California, with their origin of travel that day being Gulfport, Mississippi.  DEA agents responded to Sacramento International Airport and contacted Magee and Johnson.   DEA Special Agent Richard Britt observed

1

Magee and Johnson walking towards the terminal exit while conversing with one another. Agent Britt approached Johnson while clearly displaying his badge, identified himself as a police officer, and asked permission to speak with him. Johnson agreed. Magee continued walking by Johnson and Agent Britt. DEA Special Agent Jim Delaney then approached Magee as detailed in paragraph 4 below. Johnson told Agent Britt that he was traveling alone and appeared to be very nervous. Agent Britt told Johnson that he noticed that Johnson had a carry-on bag in his possession and asked if he was traveling with any checked luggage, to which Johnson responded affirmatively. Agent Britt told Johnson that he would like to conduct a search of his luggage and Johnson consented. Agent Britt found a few items of clothing and other miscellaneous items. Among the items of clothing, he found a gray sock which had a rubber banded stack of cash concealed[1]. Agent Britt then asked Johnson if he would accompany him to a private room to determine if the money was from a legitimate source. Johnson agreed to go with Agent Britt.

4. The United States represents that it could further show at a forfeiture trial that at the same time Agent Britt was speaking with Johnson, Agent Delaney approached Magee while clearly displaying his badge, identified himself as a police officer, and asked permission to speak with him. Magee stated that he did not want to speak with Agent Delaney and, although he had cash in his carry-on bag, he did not want it to be searched. Agent Delaney asked Magee if he was traveling with Johnson. Magee stated that he was and that Johnson was his cousin. As Johnson started walking to the private room with Agent Britt, Magee followed. While walking to the private room, Agent Britt asked Magee if he could search his luggage, and Magee consented.

5. The United States represents that it could further show at a forfeiture trial that once inside the private room, agents found a stack of rubber banded currency in Magee's carry-on bag in a purple "Crown Royal" liquor pouch. All the cash was in either $20.00 or $100.00 denominations and totaled approximately $9,000.00.

6. The United States represents that it could further show at a forfeiture trial that the two sums of currency were presented to a drug detection dog. The dog positively alerted to the odor of narcotics on both sums of currency separately.

---

[1] Approximately $9,000.00 in currency was seized from Johnson and forfeited administratively by DEA.

2

7. The United States represents that it could further show at a forfeiture trial that Magee's criminal history includes an arrest for a controlled substance violation in 2012.

8. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

9. Without admitting the truth of the factual assertions contained above, Magee specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Magee agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Magee hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Magee shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

13. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

14. All right, title, and interest of Melvin Magee in the Approximately $9,000.00 in U.S. Currency, plus any accrued interest, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

15. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or

forfeiture, as well as to those now known or disclosed.  Magee waived the provisions of California Civil Code § 1542.

16. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

17. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated:  December 15, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE